

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*



*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 6, 2014

**VIA EMAIL**

Reid H. Weingarten, Esq.
Brian M. Heberlig, Esq.
Scott Armstrong, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington D.C. 20036

              Re:    <u>Michael A. Brown</u>

Dear Counsel:

      On June 10, 2013, your client, Michael A. Brown (hereinafter referred to as "your client" or "defendant"), pleaded guilty before the Honorable Robert L. Wilkins, pursuant to a Plea Agreement, dated May 30, 2013 (the "Original Plea Agreement"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This Office and your client seek to amend the terms of the Original Plea Agreement based on evidence discovered after entry of your client's guilty plea.  This letter sets forth the full and complete amended plea offer to your client from this Office.  **This amended plea offer expires on February 14, 2014.**  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Amended Plea Agreement.  This is a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  As provided further below, this Amended Plea Agreement modifies Paragraph 4 of the Original Plea Agreement to change only the agreed sentence under Federal Rule of Criminal Procedure 11(c)(1)(C), specifically, that a sentence of up to 43 months of incarceration, rather than 37 months of incarceration as provided in the Original Plea Agreement, followed by up to 3 years of supervised release, is the appropriate sentence in this matter.  The terms of the offer are as follows:

1

### 1. Charges and Statutory Penalties

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging him with one count of Bribery of a Public Official, in violation of 18 U.S.C. § 201(b)(2)(A).

Your client understands that a violation of 18 U.S.C. § 201(b)(2)(A) carries a maximum sentence of 15 years of imprisonment; a fine of $250,000 or not more than three times the monetary equivalent of the thing of value, whichever is greater, pursuant to 18 U.S.C. §§ 201(b) and 3571(b)(1); disqualification from holding any office of honor, trust, or profit under the United States, pursuant to 18 U.S.C. §201(b); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); an order of restitution; an order of forfeiture; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

### 2. Factual Stipulations

Your client agrees that the attached "Amended Statement of Offense and Other Conduct" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that, prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

### 3. Additional Charges

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Your client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

After the entry of your client's plea of guilty to the offense identified in paragraph (1) above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this

agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement.

### 4. Agreed Sentence Under Federal Rule of Criminal Procedure 11(c)(1)(C)

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the Government agree that a sentence of up to 43 months of incarceration, followed by up to 3 years of supervised release, is the appropriate sentence for the offense to which your client is pleading guilty. This Plea Agreement with respect to the appropriate sentence affects only the term of incarceration and supervised release. The Court may impose other applicable statutory provisions as part of the sentence, including specifically fines and other conditions of supervised release.

#### A. Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Plea Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Plea Agreement. If the Court accepts the Plea Agreement, the Court will sentence your client to a sentence of up to 43 months of incarceration, followed by up to 3 years of supervised release. The parties agree that this Office and your client retain their full rights to allocute for any sentence within the agreed sentencing range. Your client understands, however, that the sentence to be imposed within the range to which the parties agree in this Plea Agreement is a matter solely within the discretion of the Court. The parties further agree that the sentence imposed within that range will be determined by the Court after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable guideline range under the United States Sentencing Commission, Guidelines Manual (2011) (hereinafter "Sentencing Guidelines" or "U.S.S.G."), discussed below. Your client understands that if the Court accepts this agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

#### B. Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the Plea Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to withdraw the plea, the Government agrees that it will not use against your client in any related criminal or civil proceedings this Plea Agreement, the guilty plea, the Statement of the Offense And Other Conduct, or any statement made in the course of any proceedings under Rule 11 regarding the guilty plea or this Plea Agreement, except as otherwise provided in Fed. R. Evid. 410. If your client elects to withdraw the plea, the Government further

agrees it will not use against your client in any related criminal or civil proceedings any of your client's statements made during the May 14, 2013 debriefing session, or any subsequent debriefing session, except as otherwise provided by the agreement executed by the Government and your client on May 14, 2013. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Plea Agreement. <u>Your client further understands that if the Court rejects the Plea Agreement, the Government also has the right to withdraw from this Plea Agreement and to be freed from all obligations under the agreement, and may in its sole discretion bring different or additional charges before the defendant enters any guilty plea in this case.</u>

If the Court rejects the Plea Agreement, your client elects to maintain his plea, and the Government does not exercise its right to withdraw from the Plea Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

### 5. Sentencing Guidelines Stipulations

In accordance with Paragraph 4 above, your client understands that, but for the above-described agreed sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

#### A. Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| § 2C1.1(a)(1) | Base Offense Level | 14 |

Specific Offense Characteristics:

| | | |
|---|---|---|
| § 2C1.1(b)(2) | More than $30,000 in payments | 6 |
| § 2C1.1(b)(3) | Elected official | 4 |
| | **Total** | **24** |

*Acceptance of Responsibility*

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the

4

satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea once it is entered, or should it be determined that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Plea Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be 21.

### B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client has the following criminal convictions: Excessive Political Contributions (Misdemeanor, 11/21/1997). Accordingly, your client's Criminal History Category is estimated to be I.

### C. Applicable Guidelines Range

Based upon the calculation set forth above, your client's stipulated Sentencing Guidelines range is 37 months to 46 months (the "Stipulated Guidelines Range"). In addition, the parties agree that, should the Court impose a fine, at Guidelines level 21, the applicable fine range is $7,500 to $75,000.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Stipulated Guidelines Range set forth above is warranted, subject to the paragraphs regarding cooperation, infra. Accordingly, neither party will seek any departure or adjustment to the Stipulated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided infra.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Plea Agreement. Should your client commit any conduct after the execution of this Plea Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal

conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court), the Government is free under this Plea Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 6. Agreement as to Sentencing Allocution

In accordance with Paragraph 4 above, should the Court reject the Plea Agreement, your client elect to maintain his plea, and the Government fail to exercise its right to withdraw from the Plea Agreement, the parties agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the Stipulated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

### 7. Reservation of Allocution

Your client understands that, subject to the provisions of Paragraph 4 of this Plea Agreement and notwithstanding the Government's obligation under this Plea Agreement to inform the Court of the nature and extent of your client's cooperation, this Office reserves its full right of allocution for purposes of sentencing in this matter. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In the event that the Court rejects this Plea Agreement, your client elects to maintain his plea, and the Government fails to exercise its right to withdraw from the Plea Agreement, should the Court consider any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplate a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, your client acknowledges that the Government is not obligated to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 8. Court Not Bound by the Plea Agreement

In accordance with Paragraph 4 above, should the Court reject the Plea Agreement, your client elect to maintain his plea, and the Government fail to exercise its right to withdraw from the Plea Agreement, your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive in this event. Moreover, it is understood that your client will have no right to

withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to § 5K1.1 of the Sentencing Guidelines. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 9.     Conditions of Release

Although the Government will not oppose your client's request to be released on his personal recognizance pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community.

### 10.    Cooperation

Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(a)     Your client shall cooperate fully, truthfully, completely and forthrightly with this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; and providing sworn written statements. Any refusal by your client to cooperate fully, truthfully, completely and forthrightly as directed by this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this agreement, including, but not limited to, its obligation to inform this Court and the Departure Guidelines Committee of the United States Attorney's Office for the District of Columbia of any assistance your client has provided. Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his obligations under this agreement.

(b) Your client shall promptly turn over to the Government, or other law enforcement authorities, or direct such law enforcement authorities to, any and all evidence of crimes about which your client is aware; all contraband and proceeds of such crimes; and all assets traceable to the proceeds of such crimes. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime.

(c) Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d) Your client shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the District of Columbia, and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(e) Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including, but not limited to, its obligation to inform this Court and the Departure Guidelines Committee of the United States Attorney's Office for the District of Columbia of any assistance your client has provided. However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his obligations under this agreement. Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

11. **Waiver of Rights**

Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify himself. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client was found guilty after a trial, your client would have the right to appeal his conviction. Your client understands that the Fifth Amendment to the Constitution of

the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up his right against self-incrimination.

### 12. Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A. The parties agree that restitution is not applicable here.

If ordered by the Court, payments of restitution shall be made to the Clerk of the Court. Your client agrees that he will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Your client promises that his financial statement and disclosures will be complete, accurate, and truthful.

Your client expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs the participation or imposes a schedule of payments.

Your client certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Agreement and/or that may be imposed upon him by the Court. In addition, your client promises that he will make no such transfers in the future until he has fulfilled the financial obligations under this agreement.

### 13. Forfeiture

(a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information to which he is pleading guilty. Specifically, your client agrees to the entry of a forfeiture money judgment in the amount of $35,000.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court will enter a Consent Order of Forfeiture for this property at the time of his guilty plea. Your client agrees

9

that upon entry of the Consent Order of Forfeiture, it will be a final order as to your client under Federal Rule of Criminal Procedure 32.2(b)(4)(A).

(c) Your client agrees that this plea agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which he is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. See 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p).

(d) Your client waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

(e) Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 1, 2012, or in which your client has or had during that time any financial interest. Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, at least 10 days prior to sentencing, unless the forfeited amount has been paid as of that date. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(f) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(g) The United States Attorney's Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from the defendant through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case.

### 14. **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's

obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules in the event your client withdraws his guilty plea.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 15. Waiver of Statute of Limitations

It is further agreed that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 16. <u>Government's Obligations</u>

This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

The Departure Guideline Committee of the United States Attorney's Office for the District of Columbia will evaluate the full nature and extent of your client's cooperation to determine whether your client has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. If the Departure Guideline Committee determines that your client has provided such substantial assistance, it will further determine whether this Office should file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines, which would afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than indicated by the Sentencing Guidelines. The determination of whether your client has provided substantial assistance warranting the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, the Government will be free from its obligations under the agreement, and will have no obligation to present this case to the Departure Guideline Committee or file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines.

### 17. <u>Waiver of Appeal</u>

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, award of restitution, term of supervised release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or applicable guidelines range, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement. Your client reserves the right to make a collateral attack upon your client's sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.

18. **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447-889

By: 

MICHAEL K. ATKINSON
DAVID A. LAST
ANTHONY D. SALER
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530
202.252.7817 (Atkinson)
202.252.7020 (Last)
Michael.Atkinson2@usdoj.gov
David.Last@usdoj.gov

13

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys, Reid Weingarten, Esq., Brian Heberlig, Esq., and Scott Armstrong, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

Date: 2·7·14

_____
Michael A. Brown
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Michael A. Brown, and fully discussed the provisions of the Agreement with my client. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 2-7-14

_____
Reid Weingarten
Brian Heberlig
Scott Armstrong
Attorneys for the Defendant

14